**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| |
|---|
| BRENDA J. OTTE, ADMINISTRATRIX OF THE ESTATE OF GLADYS REYNOLDS, HELEN KEEFE, MELANIE LAUSIER and PAULA FITZGIBBON, individually and on behalf of all others similarly situated, <br><br>         Plaintiffs, <br><br> vs. <br><br> LIFE INSURANCE COMPANY OF NORTH AMERICA, CONNECTICUT GENERAL LIFE INSURANCE COMPANY and DOES 1 through 100, inclusive, <br><br>         Defendants. |

**JOINT DECLARATION OF PLAINTIFFS' COUNSEL**
**IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

      The undersigned, Stuart T. Rossman and Charles M. Delbaum, of the National Consumer Law Center, Boston, Mass. ("NCLC"); M. Scott Barrett, Barrett & Associates, Bloomington, Ind.; Jeffrey G. Casurella, Law Offices of Jeffrey G. Casurella, Atlanta, Ga.; John C. Bell, Jr. and Lee W. Brigham, Bell & Brigham, Augusta, Ga.; Helen Cleveland, Cleveland, Gilbreath LLC, Atlanta, Ga.; Cary L. Flitter, Flitter Lorenz, P.C., Narberth, Penn.; and Ronald K. Lambring, Markel Markel & Lambring, Brownstown, Ind. (collectively referred to as "Class Counsel"), jointly declare as follows:

1.    We jointly represent the class in this matter. We have personal knowledge of the facts stated herein and could and would competently testify thereto if called to do so.

1

2. We make this joint declaration in support of the motion for final approval of the class action settlement in these consolidated matters.

3. Class Counsel, and their respective law firms and non-profit organization, have extensive experience in prosecuting class actions and/or extensive experience in litigating claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").

4. The qualifications and experience of Class Counsel previously have been set out at length in Exhibit B of the Memorandum in Support of Plaintiffs' Motion for Class Certification (Docket No. 35-2). This Court found that the Rule 23(a) requirement of adequate representation had been satisfied when it originally certified a class in the case. Memorandum and Order on Plaintiffs' Motion for Class Certification dated June 10, 2011 (Doc. 73).

5. Class Counsel were jointly named as co-lead counsel pursuant to the provisions of Rule 23(g)(1) in the Court's Order Preliminarily Approving Settlement and Approving Notice to the Settlement Class dated Nov. 28, 2012 (Doc. 98).

6. In the sections that follow, counsel describe the litigation history of this case and the settlement negotiations which resulted in the Settlement currently before this Court for final approval.

7. This settlement is, in the opinion of the undersigned, "fair, adequate and reasonable" and merits approval at this time.

## LITIGATION BACKGROUND

8.   Plaintiffs filed this action as a putative class action case in the United States District Court, District of Massachusetts on September 15, 2009 (Docket No. 1). The Complaint asserted that the defendants, Life Insurance Company of North America and Connecticut General Life Insurance Company ("Defendants") maintained a practice of retaining benefits due under ERISA plans that it insures and invested those benefits for its own account in violation of ERISA's fiduciary standards and prohibited transaction rules.

9.   The parties vigorously litigated the legal issues raised in the case. The Defendants defended the case aggressively and appealed this Court's decision on class certification.

10.   The litigation consisted of substantial contested motion practice, including Defendants' Motion to Transfer (Doc. 7); Plaintiffs' Motion for Class Certification (Doc. 32); Plaintiffs' Motion for Summary Judgment (Doc. 42); and Defendants' Motion to Dismiss Plaintiffs' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(d) (Doc. 60).

11.   The parties conducted significant formal discovery, including requests for production of documents, requests for admissions, interrogatories, and third party discovery. Class Counsel reviewed more than 2,000 pages of documents that were produced by CIGNA. Class Counsel also reviewed documents obtained in third party discovery from State Street Bank.

12.   Class Counsel deposed Defendants' employee Sasi Suwan on May 13, 2010 and again on July 20, 2011, and deposed Defendants' employees Charles Curtis and Timothy Holzli on May 14, 2010 and January 20, 2011, respectively.

13.     The Defendants submitted requests for production for documents and interrogatories to the Plaintiffs and deposed Ms. Otte in Knoxville, Tenn.

14.     On June 24, 2011, Defendants petitioned the United States Court of Appeals for the First Circuit pursuant to Fed. R. Civ. P. 23(f) for permission to appeal this Court's order certifying the action to proceed as a class action (Doc. 73).

15.     The parties fully briefed and argued the 23(f) appeal before the First Circuit, before jointly seeking a stay to continue settlement negotiations.

16.     In the opinion of undersigned Class Counsel, the substantial amount of discovery, motion practice and appellate litigation here allowed the Parties to construct an appropriate and informed settlement.

## SETTLEMENT NEGOTIATIONS

17.     The Settlement is the product of extensive, adversarial, arm's length negotiations conducted by counsel experienced in class action litigation, and, specifically, in litigating ERISA cases, and aided by an independent mediator.

18.     On December 21, 2010, the parties requested and were granted a stay of proceedings in order to allow them to engage in mediation (Doc. 52).

19.     This first attempt to reach a mediated settlement occurred after Plaintiffs' Motion for Class Certification had been fully briefed and argued (Docs. 34, 39, 41 and 48), but before this Court had issued a decision on that Motion or on Plaintiffs' Motion for Summary Judgment (Docs. 42 and 49).

20.     The parties selected Hunter R. Hughes to serve as the mediator.  Mr. Hughes, an attorney with the firm of Rogers & Hardin LLP in Atlanta, Georgia, specializes in the mediation of class actions and other complex litigation.

21.     The parties participated in two day-long mediation sessions.  The first day-long mediation session was held in December 2010, at which time Defendants provided Plaintiffs with information relating to the profits that they had made from the practices at issue in the case. During the period leading up to the December 2010 mediation, Class counsel conducted numerous telephone conferences with Mr. Hughes and exchanged numerous e-mail messages with him.

22.     At the conclusion of the December 2010 mediation, the parties agreed that Class Counsel would depose Defendants' employees in order to explore and confirm the profit information provided by Defendants.   (They did so in January 2011 when they deposed Timothy Holzli.)

23.     After completing the additional settlement-directed discovery, the parties resumed settlement discussions, conducting another day-long mediation session in February 2011.  That mediation session was not successful; on February 18, 2011, the parties notified this Court that they had reached an impasse (Doc. 53).

24.     After the stay was lifted, the Court granted Plaintiffs' motion for class certification and denied without prejudice their motion for partial summary judgment as premature (Docs. 73 and 76).

25. Thereafter, the First Circuit allowed the Defendants to appeal the class certification decision. The parties completed briefing in the appeal on February 13, 2012, and the First Circuit heard oral argument on the appeal on March 6, 2012.

26. The parties subsequently resumed settlement negotiations again under the direction of Mr. Hughes.

27. The parties sought and obtained three stays from the First Circuit in order to allow them sufficient time to negotiate and memorialize a definitive settlement agreement before finally executing the Stipulation of Settlement on November 19, 2012.

28. Plaintiffs filed an unopposed motion for preliminary approval and conditional class certification of a 23(b)(3) class on November 20, 2012 (Doc. 94). The motion was granted on November 28, 2012 (Doc. 99).

29. On December 4, 2012, the First Circuit remanded the case to this Court for consideration of the proposed settlement, while retaining jurisdiction pursuant to Fed. R. App. P. 12.1(b).

30. Throughout the settlement negotiations, Class Counsel were aware that, without a settlement, class members might have received nothing through the litigation.

31. Class Counsel kept the Named Plaintiffs (Brenda J. Otte as Administratrix of the Estate of Gladys Reynolds, Helen Keefe, Melanie Lausier and Paula Fitzgibbon) apprised of the progress of the litigation and of settlement negotiations at all stages of the case. The Named Plaintiffs reviewed the Settlement Agreement and endorsed the settlement without reservation.

## POST SETTLEMENT EFFORTS

32.     The parties agreed to, and the Court so ordered, the employment of A.B. Data, Ltd. ("A.B. Data") as the settlement administrator.  Settlement Agreement, ¶1.9; Preliminary Approval Order, ¶8.

33.     The Court-approved notice of the settlement was sent to class members by first class mail on December 28, 2012 (Affidavit of Christina Peters-Stasiewicz, ¶10).  For notices returned because the addressee was no longer found at the address as updated by A.B. Data, A.B. Data then used its best efforts to obtain correct current addresses by using LexisNexis, and, on January 28, 2013, re-mailed the class notices by first class U.S. mail to any available corrected addresses (*Id*. at ¶¶11-12). Ultimately, 2,993 notices were returned as undeliverable a second time (*Id*. at ¶13).  Additional research located 30 updated addresses, and notices were re-mailed to the updated addresses. *Id.*

34.     Exclusion requests were to be received by A.B. Data no later than 30 days after the mailing of Class Notice.  This deadline was January 28, 2013, for originally mailed Class Notices, and February 27, 2013, for re-mailed Class Notices.  Affidavit of Christina Peters-Stasiewicz, ¶18.

35.     In addition to individual mailed notice, the parties established an English and a Spanish claims information website, OtteClassAction.com (Affidavit of Christina Peters-Stasiewicz ¶16). As of March 4, 2013, a total of 2,079 hits had been recorded at the website (*Id*. at ¶17).  The English version of the Class Notice was downloaded 1,084 times (*Id*.).  The Spanish version of the Class Notice was downloaded 77 times (*Id*.).  The Stipulation of Settlement was downloaded 209 times (*Id*.) and the Preliminary Approval Order was downloaded 357 times (*Id*.)

36.     In addition to individual mailed notice, the parties provided a toll-free telephone number to receive questions from class members (Affidavit of Christina Peters-Stasiewicz ¶14). As of March 4, 2013, a total of 1,075 telephone calls had been made to the toll free number (*Id*. at ¶15). A.B.Data also received 337 voicemail messages, all of which promptly were responded to by return call (*Id*.).

37.     Of the 127,037 potential Settlement Class Members, only 341 of them, or approximately 0.27% of the class, excluded themselves from the settlement (Affidavit of Christina Peters-Stasiewicz ¶¶18-19). In addition to the 341 timely exclusion requests, 52 individuals submitted exclusion requests that were untimely (*Id*.).

38.     To date, Class Counsel is aware of only one class member who has objected to the Settlement.

## CONCLUSION

39.     Each of the undersigned has years of experience prosecuting class actions and representing consumers in ERISA cases. This experience contributed, during settlement negotiations, to an awareness both of the extent of Plaintiffs' settlement leverage and of the needs of our individual clients and the class.

40.     Class Counsel believed, and continues to believe, that the Plaintiffs had claims that ultimately would have prevailed in much of the litigation and on a class-wide basis. However, Class Counsel are aware that the outcome in the case was uncertain and that a successful outcome would have been achieved, if at all, only after many years of litigation with the attendant risk of drawn-out appeals.

41. Class Counsel believes that the settlement is fair, reasonable and adequate and that it provides meaningful financial benefits to every member of the class.

42. The settlement was carefully explained in a form of notice, approved by the Court, which is highly readable and adequate for class members to understand the nature of the benefits they will receive in exchange for their releases.

43. For all of these reasons, the undersigned recommend this settlement to the class and to this Court. Our joint opinion is that the settlement is fair, adequate and reasonable and merits approval at this time.

Signed under the penalties of perjury this 4th day of March, 2013.

/s/ Stuart T. Rossman
Stuart T. Rossman BBO #430640
Charles M. Delbaum BBO #543225
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th Floor
Boston, MA 02110
(617) 542-8010
(617) 542-8028 (fax)

John C. Bell, Jr.
Lee W. Brigham
Admitted *Pro Hac Vice*
Bell & Brigham
Post Office Box 1547
Augusta, Georgia 30903-1547
(706) 722-2014 tel
(706) 722-7552 fax
john@bellbrigham.com
lee@bellbrigham.com

M. Scott Barrett
Admitted *Pro Hac Vice*
Barrett & Associates
Showers Plaza
320 W. 8th St., Suite 100 (47404)
P.O. Box 5233
Bloomington, Indiana 47407-5233
(812) 334-2600 tel
(812) 337-8850 fax
scott@barrettlaw.us.com

| | |
|---|---|
| Jeffrey G. Casurella<br>Admitted *Pro Hac Vice*<br>Law Offices of Jeffrey G Casurella<br>400 Interstate Parkway, Suite 310<br>Atlanta, Georgia 30339<br>(770) 858-1661 tel<br>(770) 858-1665 fax<br>jeff@jgclawoffices.com<br><br>Helen Cleveland<br>Admitted *Pro Hac Vice*<br>Cleveland Gilbreath LLC<br>4197 Sentinel Post Road N.W., Building 2<br>Atlanta, GA 30327-3805<br>(404) 760-2792 tel<br>(404) 233-2404 fax<br>hcleveland@cgglegal.com | Cary L. Flitter<br>Flitter Lorenz, P.C.<br>450 N. Narberth Avenue, Suite 101<br>Narberth, Pennsylvania 19072<br>(610) 822-0789 tel<br>(610) 667-0552 fax<br>cflitter@lfbb.com<br><br>Ronald K. Lambring<br>MARKELL, MARKEL & LAMBRING<br>136 South Main Street, P.O.Box 121<br>Brownstown, Indiana 47220<br>(812) 358-3200<br>(812) 358-3919 (fax) |

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2013, I electronically filed the foregoing **JOINT DECLARATION OF PLAINTIFFS' COUNSEL IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT,** with the Clerk of Court using the Court's CM/ECF system which will cause a copy of same to be delivered to the following individuals:

Jeremy P. Blumenfeld
Kasturi Sen
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
jblumenfeld@morganlewis.com
ksen@morganlewis.com

Jeffrey W. Moss
Morgan, Lewis & Bockius LLP
225 Franklin Street, 16th Floor
Boston, Massachusetts 02110
jmoss@morganlewis.com

I hereby certify that on March 5, 2013, I caused a copy of the foregoing **JOINT DECLARATION OF PLAINTIFFS' COUNSEL IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT** to be served via Federal Express next day delivery on:

Scott Talley
3740 Lower Honoapiilani Rd
Apt D206
Lahaina, Hawaii 96761

/s/Stuart T. Rossman
Stuart T. Rossman BBO #430640
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th Floor
Boston, MA 02110
(617) 542-8010
srossman@nclc.org

*Attorney for the Plaintiffs*