IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BRENDA J. OTTE, et al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CASE NO. 09-cv-11537-RGS |
| v. | ) |
| | ) |
| LIFE INSURANCE COMPANY OF | ) |
| NORTH AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

**FINAL ORDER AND JUDGMENT APPROVING**
**SETTLEMENT AND DISMISSING THIS ACTION WITH PREJUDICE**

Plaintiff Brenda J. Otte ("Plaintiff" or "Named Plaintiff"), on behalf of herself and the Settlement Class she represents, and Defendants Life Insurance Company of North America and Connecticut General Life Insurance Company (collectively, "Defendants") have agreed to settle the above-captioned class action suit (the "Lawsuit") on the terms and conditions set forth in the Stipulation of Settlement (the "Stipulation") (this settlement process hereinafter referred to as the "Settlement"). All capitalized terms not otherwise defined in this order are defined in the Stipulation.

Pursuant to Fed. R. Civ. P. 23(b)(3), the Settlement Class was conditionally certified by the Court on November 28, 2012, consisting of all individuals identified on the spreadsheet filed under seal with the Clerk of the Court on November 26, 2012.

Currently pending is an application for final approval of the Settlement pursuant to Fed. R. Civ. P. 23(e); final certification of the Settlement Class and this action as a class action under

Fed. R. Civ. P. 23(b)(3); and the final appointment of Plaintiff's counsel as Class Counsel under Fed. R. Civ. P. 23(g).

On November 28, 2012, the Court entered an Order Preliminarily Approving Settlement And Approving Notice to the Settlement Class, conditionally certifying the proposed Settlement Class and appointing Plaintiff's counsel as Class Counsel, and directing that Notice be given to the Settlement Class Members of the proposed Settlement and of a Settlement Hearing. The Court approved the form and content of the Notice and Opt-Out-of-Settlement Form ("Opt-Out Form") directed to Settlement Class Members, which were attached as Exhibit C to the Stipulation. The Notice informed the Settlement Class Members of the Settlement terms and that the Court would consider the following issues at the Settlement Hearing: (i) whether the Court should grant final approval of the Settlement and finally certify the Settlement Class; (ii) whether the Court should enter final judgment dismissing the Lawsuit with prejudice; (iii) whether the Court should approve the amount of attorneys' fees, costs, and expenses to be awarded to Class Counsel; and (iv) any objections by Settlement Class Members to any of the above that are timely and properly served in accordance with the Order Preliminarily Approving Settlement and Proposed Notice to the Settlement Class.

In accordance with the Notice to Class Members, a Settlement Hearing was held on March 12, 2013. There were no timely objections to the Settlement filed with the Court.[1] Three Hundred and Forty-One (341) Settlement Class Members chose to exclude themselves from the Settlement by submitting timely and valid Opt-Out Forms.

---

[1] One class member mailed an untimely objection to counsel for Defendants and the Class. A copy of this objection was provided to the Court by Class Counsel on March 8, 2013. The objecting class member did not appear at the Final Approval hearing. In any case, as detailed in this Order, the Court is satisfied that the settlement is fair and reasonable and otherwise satisfies the requirements of Rule 23.

The Court, having heard argument in support of the Settlement, certification of the Settlement Class, and appointment of Class Counsel, and having reviewed all of the evidence and other submissions presented with respect to the Settlement and the record of all proceedings in this case, enters the following findings:

1. The Court has jurisdiction over the subject matter and the parties to this Lawsuit, including the Settlement Class Members.

2. The Court confirms for settlement purposes the certification of this action as a class action and the Settlement Class under Fed. R. Civ. P. 23(b)(3), as was conditionally certified by the Court on November 28, 2012, consisting of all persons, except those who filed valid and timely requests for exclusion, identified on the spreadsheet filed with the Court on March 5, 2013.

3. The Court finds that Plaintiff's counsel satisfy the requirements of Rule 23(g). The Court further confirms for settlement purposes the appointment of Plaintiff's counsel as Class Counsel under Fed. R. Civ. P. 23(g).

4. The Stipulation and all of its exhibits (as filed with the Court) are incorporated in this Judgment, including the definitions and terms set forth in the Stipulation.

5. On December 28, 2012, the Settlement Administrator caused a Notice of Settlement to be mailed to the 127,037 Settlement Class Members. Of the 14,882 notices which were returned, 371 included forwarding addresses and were re-mailed. For the remainder, the Settlement Administrator sought a correct current address using a commercial change-of-address database and re-mailed 12,858 notices on January 28, 2013.[2] After the second mailing, 2,993 notices were returned a second time. Thus, it appears that 122,391 out of 127,037 of class

---

[2] The re-mailed notices provided an extended deadline of February 27, 2013 for requesting exclusion from the settlement.

members, or over 96% of the class, received individual notice of the proposed settlement by mail. On March 5, 2013, the Settlement Administrator filed with the Court proof of mailing of such Notice to all Settlement Class Members.

6. Notice to the Settlement Class Members has been given in an adequate and sufficient manner and the Notice given constitutes the best notice practicable under the circumstances, and was reasonably calculated to apprise interested parties of the pendency of this Lawsuit, the nature of the claims, the definition of the Settlement Class, and their opportunity to present their objections to the Settlement. The Notice complied in all respects with the requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

7. Settlement Class Members were given the opportunity to exclude themselves from inclusion in the class through submission of Opt-Out Forms, and 341 Settlement Class Members did so in a timely fashion. These individuals are identified on a CD containing an excel spreadsheet that was filed under seal on March 5, 2013. In response to the 127,037 individually mailed notices, no Settlement Class Member(s) filed an objection to the Settlement prior to the February 26, 2013 deadline. No objections were presented at the Settlement Hearing.

8. After considering (i) whether the Settlement was a product of fraud or collusion; (ii) the complexity, expense, and likely duration of the Lawsuit; (iii) the stage of the proceedings and amount of discovery completed; (iv) the factual and legal obstacles to prevailing on the merits; (v) the possible range of recovery; (vi) and the respective opinions of the parties, including Plaintiff, Class Counsel, Defendants, and Defendants' Counsel, the Court finally approves the Settlement including the Plan of Allocation in all respects as fair, reasonable,

adequate, and in the best interests of the Settlement Class Members pursuant to Fed. R. Civ. P. 23(e). The terms of the Stipulation, including all Exhibits to the Stipulation and to this Judgment, shall be forever binding on the Settling Plaintiffs.

9. The application by Class Counsel for reasonable attorneys' fees from the Settlement Fund is granted. Plaintiffs' attorneys' fees of $ 2,711,402.00 of the Settlement Fund are hereby found to be reasonable and are awarded to Class Counsel from the Settlement Fund. The application by Class Counsel for reimbursement of $ 42,225.95 in expenses from the Settlement Fund is granted. Class Counsel shall recover such fees and expenses from the Settlement Fund as and in the manner described in the Stipulation. The Court finds said attorneys' fees and expenses to be fair and reasonable compensation and reimbursement in light of the hours expended by Class Counsel in the prosecution of this action; the reasonable hourly rates for attorneys of Class Counsel's skills and experience in this District and this Circuit; the result obtained for the Settlement Class; the risk of non-recovery or a greatly reduced recovery for individual class members; the quality of Class Counsel's representation; the complexity of the litigation and novelty of some of the issues presented; the skill and experience of opposing counsel; the significant time and resources expended in prosecuting this action; and the percentage-of-the-fund award requested compared to the lodestar amount and the range of awards granted in similar cases in this District and this Circuit. Additionally, the Court finds that $5,000 should be paid to Brenda J. Otte and that $1,000 should be paid to Helen Keefe, Melanie Lausier and Paula Fitzgibbon as incentive awards for their efforts in prosecuting this case. These awards shall be paid from the Settlement Fund as and in the manner described in the Stipulation.

10. The Court recognizes that Defendants have denied and continue to deny any liability on Plaintiff's and Settlement Class Members' claims. Neither the Settlement, this

Judgment, any papers related to the Settlement, nor the fact of Settlement shall be used as a finding or conclusion of the Court, or an admission of Defendants or any other person, of any fault, omission, mistake, or liability, nor as evidence of Plaintiff's lack of conviction in the validity or strength of her claims, and shall not be offered as evidence of any claimed liability in this or any other proceeding. Evidence of the Settlement and this Court's Orders approving same shall not be admissible as an admission of liability in the underlying Lawsuit.

It is, therefore, ORDERED, ADJUDGED, AND DECREED that:

1. The parties shall carry out all the terms of the Settlement, including the payment of the individual settlement benefits to the Settlement Class Members in accordance with the terms of the Stipulation and the Plan of Allocation. The Court finds the Plan of Allocation to be fair, reasonable, adequate, and in the best interests of the Class Members.

2. Releases:

   A. Each Settling Plaintiff is bound by this Judgment and has fully, finally, and forever released, acquitted and discharged Defendants and their Affiliated Entities from any and all Settled Claims. As stated above, the terms Settling Plaintiffs, Affiliated Entities, and Settled Claims shall have the definitions set forth in the Stipulation.

   B. Settling Plaintiffs, without limitation, are precluded, estopped, and forever barred from bringing or prosecuting in the future any claim or cause of action released in the preceding paragraph and are permanently enjoined from bringing any such claim or cause of action.

   C. Settling Plaintiffs expressly acknowledge certain principles of law applicable in some states, such as Section 1542 of the Civil Code of the State of California, which provide that a general release does not extend to claims that a creditor

does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor. Settling Plaintiffs expressly waive all rights related to the Settled Claims under Section 1542 of the Civil Code of the State of California, which reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Settling Plaintiffs acknowledge that they may have claims that are covered by the terms of this Settlement that they have not yet discovered, and are aware that they may hereafter discover legal or equitable claims or remedies presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true. Settling Plaintiffs acknowledge that they intend to release any and all such unknown or unsuspected Settled Claims, and any other known, unknown, or unsuspected claims arising out of Settling Plaintiffs' Cignassurance Accounts. Notwithstanding the choice of law provision in the Settlement, to the extent that California or other law may be applicable and enforceable, Settling Plaintiffs hereby agree that the provisions of Section 1542 of the Civil Code of the State of California and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable here are hereby knowingly and voluntarily waived and relinquished by Settling Plaintiffs, and Settling Plaintiffs agree and acknowledge that this provision is an essential term of the Settlement and the Release.

    D.    Nothing in this Final Order and Judgment or the Stipulation shall preclude any action to enforce the terms of the Settlement.

E.  The Release may be raised as a complete defense to and will preclude any action or proceeding that is encompassed by the Release. The Settling Plaintiffs and the Defendants intend that the terms of the Release are to be broadly construed in favor of the Defendants.

3.  Except as otherwise provided in the Settlement and this Final Order and Judgment, Plaintiff, the Settlement Class Members, and Class Counsel shall take nothing in this Lawsuit and the Court hereby dismisses the claims of Plaintiff and Settling Plaintiffs against Defendants with prejudice and without costs.

4.  Defendants and their Affiliated Entities may continue to maintain, operate, and administer Cignassurance accounts for Settling Plaintiffs who have open Cignassurance accounts, including the investing of funds, earning and retention of profits on those investments, and paying interest on those funds, as Defendants or their Affiliated Entities see fit. Aside from whatever funds they are entitled to under the terms of the Stipulation and this Final Order and Judgment, Settling Plaintiffs are not entitled to any monies, profits or interest beyond the funds credited to their accounts and the interest that is actually paid on the balances.

5.  Class Counsel shall be paid from the Settlement Fund attorneys' fees, exclusive of costs and expenses, in the amount of $ 2,711,402.00 and reimbursement of expenses in the amount indicated in Paragraph 9 of the Court's findings, *supra*, all to be paid in accordance with the payment terms of the Settlement. In addition, Brenda Otte shall be paid $5,000 and Helen Keefe, Melanie Lausier and Paula Fitzgibbon shall be paid $1,000 from the Settlement Fund in accordance with the payment terms of the Settlement.

6.  Pursuant to the Stipulation and the Plan of Allocation, in the event that the balance of any unclaimed or unallocated funds, after any deductions for payments to persons

who become Settling Plaintiffs pursuant to Paragraph 2.6 of the Stipulation, is equal to or more than $200,000.00, then the Settlement Administrator shall distribute those unclaimed or unallocated funds to all Settling Plaintiffs who have already received settlement funds. In the event that the total amount of all unclaimed or unallocated settlement funds is less than $200,000.00, then the Settlement Administrator shall pay all such funds in equal shares to the SeniorLAW Center and the Merrimack Valley North Shore Legal Services under the cy pres doctrine.

7. The Court hereby approves the substance of the information set forth in the Disclosure Schedule attached to the Stipulation as Exhibit F, and Defendants may, at their sole discretion (and are not required to) disclose the substance of any or all of the information set forth in the Disclosure Schedule (in addition to whatever other information Defendants or their Affiliated Entities deem appropriate as part of their ongoing business practices) to Settlement Class Members who have open Cignassurance Accounts.

8. The Court finds that with the mailing of the Class Action Fairness Notice ("CAFA") forms preliminarily approved by the Court as attached to the Stipulation as Exhibit E, the Defendants have complied with the notice requirements of CAFA.

9. Without affecting the finality of this Judgment in any way, this Court will retain continuing jurisdiction over all parties and Settlement Class Members solely for purposes of enforcing this Judgment and, pursuant to it, the Settlement, and may order any appropriate legal or equitable remedy necessary to enforce the terms of this Judgment and/or the Settlement.

10. This is a final and appealable judgment.

SO ORDERED.

Dated: March 15, 2013.

/s/ Richard G. Stearns
_____
Richard G. Stearns
Judge, United States District Court
District of Massachusetts